UNITED STATES v. PHILIP FREEMAN CO., INC., ET AL.

No. 4699.—Invoices dated Morchenstern, Czechoslovakia, February 8, 1936, etc
        Certified February 10, 1936, etc.
        Entered at New York, February 21, 1936, etc.
        Entry No. 24533, etc.

Second Division, Appellate Term

(Decided January 5, 1940)

*Webster J. Oliver*, Assistant Attorney General (*William J. Vitale*, special attorney), for the appellant.
*Sharretts & Hillis* (*Arthur L. Tallman* of counsel) for the appellees.

Before TILSON, KINCHELOE, and DALLINGER, Judges

TILSON, Judge: This application brings before us for review the decision and judgment of the trial court, wherein it was held that the proper dutiable export value of certain U-drops was the appraised value, less any additions made by the importer on entry to meet advances made by the appraiser in similar cases then pending on appeal.

The original test case was decided by the trial court on December 13, 1938, and no appeal therefrom was taken. The 44 cases now before us on review are all duress cases, in which the importer made additions on entry to meet the advances made by the appraiser in the test case. After a showing that the parties and the merchandise in the two sets of cases were the same, the record in the test case was admitted in evidence herein without objection. In addition thereto certain additional oral testimony was offered by the importer and an affidavit with certain exhibits attached thereto was offered by the Government.

Counsel for the appellant insists that the additional evidence offered by it is sufficient to demand a different conclusion to that reached in the original case, while counsel for appellee contends just as vehemently that the additional evidence offered by appellant should be given no consideration or weight because of a lack of qualification of the party giving such evidence.

In our consideration of this case we have examined the entire record as made, including the record in the original case. The trial court found that the said affidavit offered by appellant did not overcome the facts as set forth in the previous record, and the oral testimony of Mr. Freeman. We find no error in this holding of the trial court. In its original decision the trial court stated quite frankly that in some respects the evidence was conflicting, particularly as to the number of items of the merchandise which constituted a usual wholesale quantity. After carefully analyzing and examining the evidence on this point the trial court held the weight thereof established that 30,000 pieces of the U-drops constituted a usual wholesale quantity. We have carefully examined all the evidence before us on this point and we find no error in the judgment of the trial court in so holding.

Attached to said affidavit as Exhibit 1 is a letter dated March 23, 1932, from the exporter herein to the Cambridge Glass Co. in which he is soliciting business from them, but said letter is dated some 3 or 4 years prior to the exportation of the instant merchandise, and mentions no quantity which was considered either a wholesale quantity or a usual wholesale quantity. The fact that this importer ordered this merchandise in quantities of 10,000 pieces, with no substantiating evidence, is no evidence that said quantity is either a wholesale quantity or a usual wholesale quantity. There is nothing in this record to show whether in purchasing this merchandise the Cambridge Glass Co. ordered and purchased in wholesale quantities or usual wholesale quantities, or that said company had any knowledge or information that 10,000 pieces constituted such quantities, or that 30,000 pieces was not a usual wholesale quantity, in the country of exportation. The price the Cambridge Glass Co. paid for this merchandise in quantities of 10,000 pieces might be some evidence of the value of the merchandise in those quantities, but it is certainly not any evidence of the amount that constitutes a usual wholesale quantity.

After a careful examination of the entire record we find as a fact:

1. That the merchandise in this case consists of U-drops imported from Czechoslovakia, which was entered under duress, the importer adding in each instance a certain sum to meet advances by the appraiser in similar cases then pending on appeal.

2. That the export value for the merchandise is higher than the foreign value, and is, therefore, the proper basis of appraisement.

3. That the principal market for this merchandise in Czechoslovakia is Morchenstern.

4. That the usual wholesale quantity thereof is 30,000 pieces.

5. That the price at which such and similar merchandise is sold and freely offered for sale in the principal market of the country of exportation, in the ordinary course of business and in usual wholesale quantities, is the value found by the appraiser, less any amounts added by the importer on entry to meet advances made by the appraiser in similar cases then pending on appeal to reappraisement.

We therefore conclude as matter of law that the proper dutiable export values of the U-drops covered by these 44 appeals are the values found by the appraiser, less any amounts added by the importer on entry to meet advances made by the appraiser in similar cases then pending on appeal. The judgment of the trial court is accordingly affirmed. Judgment will be rendered accordingly.